IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELSTER ELECTRICITY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) |
| | ) NO. 1:05-CV-1138-CC |
| IPCO, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER AND COUNTERCLAIM OF IPCO, LLC

NOW COMES Defendant IPCO, LLC ("IPCO") and hereby files its Answer to Plaintiff ELSTER ELECTRICITY LLC's Complaint ("Elster's Complaint") as follows:

1.

IPCO admits the allegations of paragraph 1 of Elster's Complaint.

2.

In response to the allegations of paragraph 2 of Elster's Complaint, IPCO admits the first sentence, admits that it is currently not engaging in the manufacture or sale of any products, and denies the remaining allegations of paragraph 2.

3.

IPCO admits the allegations of paragraph 3 of Elster's Complaint.

ATL\59676 1

4.

IPCO admits the allegations of paragraph 4 of Elster's Complaint.

5.

In response to the allegations of paragraph 5 of Elster's Complaint, IPCO admits that US Patent No. 2,649,516 issued on June 19, 2001 and that a copy is attached to the Complaint, states that the claims of the patent speak for themselves and denies the remaining allegations of paragraph 5.

6.

IPCO admits the allegations of paragraph 6 of Elster's Complaint.

7.

IPCO admits the allegations of paragraph 7 of Elster's Complaint.

8.

IPCO admits the allegations of paragraph 8 of Elster's Complaint.

9.

IPCO admits the allegations of paragraph 9 of Elster's Complaint.

10.

IPCO admits the allegations of paragraph 10 of Elster's Complaint.

11.

In response to the allegations of paragraph 11 of Elster's Complaint, IPCO admits that Elster met with representatives of IPCO in Raleigh, North Carolina on

April 28, 2005; admits that during that meeting IPCO contended that Elster's EnergyAxis System infringes IPCO's '516 Patent and offered Elster a license to the '516 Patent; admits that Elster did not accept the terms of the license offered by IPCO; admits that IPCO gave no indication that it would further postpone the litigation it had threatened; and states that IPCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of Elster's Complaint and therefore denies the same.

12.

IPCO admits the allegations of paragraph 12 of Elster's Complaint.

13.

In response to the allegations of paragraph 13 of Elster's Complaint, IPCO admits that the threat of suit by IPCO was imminent and admits IPCO provided no indication that it was willing to further postpone filing suit; denies that IPCO "terminated" licensing negotiations; and states that IPCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of Elster's Complaint and therefore denies the same. In further response, IPCO states that at the conclusion of the April 28, 2005 meeting, Elster's representatives informed IPCO that Elster required several more weeks to study the validity and alleged infringement of the '516 Patent and was not in a position to

respond substantively to IPCO's offer of a license. Elster, nevertheless, filed this suit the very next day.

14.

In response to the allegations of paragraph 14 of Elster's Complaint, IPCO incorporates by reference its responses to paragraphs 1 through 13 of Elster's Complaint as if fully set forth herein.

15.

IPCO admits the allegations of paragraph 15 of Elster's Complaint.

16.

IPCO denies the allegations of paragraph 16 of Elster's Complaint.

17.

IPCO denies the allegations of paragraph 17 of Elster's Complaint.

18.

IPCO denies the allegations of paragraph 18 of Elster's Complaint.

19.

In response to the allegations of paragraph 19 of Elster's Complaint, IPCO incorporates by reference its responses to paragraphs 1 through 18 of Elster's Complaint as if fully set forth herein.

20.

IPCO admits the allegations of paragraph 20 of Elster's Complaint.

21.

IPCO denies the allegations of paragraph 21 of Elster's Complaint.

22.

IPCO denies the allegations of paragraph 22 of Elster's Complaint.

23.

Unless specifically addressed above, each and every allegation contained in Elster's Complaint is denied.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to Elster's Complaint, IPCO alleges as follows:

### **First Affirmative Defense**

Elster's Complaint should be dismissed in favor of Civil Action No. 1:05-CV-1182-CC, filed by IPCO against Elster in this Court on May 4, 2005, which raises the identical substantive issues raised by Elster's Complaint. IPCO made clear to Elster that IPCO would file a suit for patent infringement against Elster, and Elster then "jumped the gun" to create the appearance that it is the plaintiff. In light of the unmistakable and immediate certainty of litigation by IPCO against Elster, and in light of the fact that IPCO in fact filed the threatened litigation against Elster, Elster's Complaint should be dismissed in favor of Civil Action No. 1:05-CV-1182-CC.

## STATEMENT REGARDING COUNTERCLAIMS

IPCO believes that any obligation to file a counterclaim against Elster for infringement of U.S. Patent No. 6,249,516 is satisfied by IPCO's filing of Civil Action No. 1:05-CV-1182-CV. To eliminate any possible doubt that IPCO has preserved its claims, IPCO asserts the following counterclaims, which track the allegations of IPCO's Complaint in Civil Action No. 1:05-CV-1182-CC.

### Parties

1.

IPCO is a Georgia limited liability corporation headquartered in Atlanta, Georgia.

2.

Elster is a Delaware corporation, having its principal place of business at 208 South Rogers Lane, Raleigh, North Carolina 27610.

### Jurisdiction and Venue

3.

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

4.

This Court has personal jurisdiction over Elster. On information and belief, Elster regularly conducts business within the State of Georgia and this judicial district, including actions and conduct related to the infringement alleged herein. Elster has a registered agent located at 1201 Peachtree Street NE, Atlanta, GA 30361.

5.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Elster has committed acts of infringement within the State of Georgia and, more particularly, within this judicial district. Elster's illegal activities include the sale of infringing devices to Georgia Power Company in this judicial district.

## COUNT I
## Patent Infringement

6.

IPCO repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 5 above.

7.

United States Patent No. 6,249,516 ("the '516 Patent"), entitled "Wireless Network Gateway and Method for Providing Same," was duly and legally issued by the United States Patent Office on June 19, 2001, after full and fair

examination. A copy of the '516 Patent was attached to Elster's Complaint as Exhibit "A."

8.

IPCO is the assignee of all rights, title and interest in and to the '516 Patent and possesses all rights of recovery under the '516 Patent.

9.

Upon information and belief, Elster makes, uses, offers to sell, and/or sells a wireless network gateway system it calls the EnergyAxis System.

10.

Elster has infringed and is infringing at least one claim of the '516 Patent by making, using, offering to sell, and/or selling its EnergyAxis System. In particular, Elster is infringing the '516 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and/or selling within the United States products and services that practice the inventions of the '516 Patent; (b) importing into the United States the inventions of the '516 Patent; (c) contributing to the infringement of the '516 Patent by others in the United States; and/or (d) inducing others to infringe the '516 Patent within the United States.

11.

Upon information and belief, Elster's infringement, inducement of infringement, and/or contributory infringement of the '516 Patent has been willful and deliberate after receipt of notice of the '516 Patent.

12.

IPCO has suffered damages as a result of Elster's infringement of the '516 Patent and will continue to suffer damages and irreparable harm in the future unless Elster is enjoined from infringing further the '516 Patent.

## PRAYER FOR RELIEF

WHEREFORE, IPCO, LLC prays for the following relief against Elster Electricity, LLC:

A.   A judgment that Elster has directly infringed the '516 Patent, contributorily infringed the '516 Patent, and/or induced infringement of the '516 Patent;

B.   A preliminary, and thereafter permanent, injunction enjoining and restraining Elster and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '516 Patent;

C. A judgment and order requiring Elster to pay IPCO damages under 35 U.S.C. § 284, including treble damages for willful infringement;

D. A judgment and order requiring Elster to pay IPCO pre-judgment and post-judgment interest on the damages awarded;

E. A judgment requiring Elster to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest;

F. A judgment dismissing Elster's Complaint with prejudice, and each and every claim therein, in favor of IPCO; and

G. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

IPCO hereby demands that all issues be determined by a jury.

Respectfully submitted, this 23rd day of May, 2005.

        DUANE MORRIS LLP

        s/ John C. Herman
        John C. Herman
          (Georgia Bar No. 348370)
        Matthew C. Gaudet
          (Georgia Bar No. 287789)

        1180 West Peachtree Street, Suite 700
        Atlanta, Georgia  30309-3448
        404-253-6900 (telephone)
        404-253-6901 (facsimile)

        Attorneys for Defendant
        IPCO, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELSTER ELECTRICITY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:05-CV-1138-CC |
| IPCO, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on May 23, 2005, a true and correct copy of the foregoing ANSWER AND COUNTERCLAIM OF IPCO, LLC was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                s/ John C. Herman
                Georgia Bar No. 348370

DUANE MORRIS LLP
1180 West Peachtree Street
Suite 700
Atlanta, Georgia 30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Attorneys for Plaintiff
IPCO, LLC